### In the Matter of BURSTEIN–APPLE-BEE COMPANY, Debtor.

C. Michael FRANKE, trustee in bankruptcy, Plaintiff,

v.

Allen E. FISHMAN, Pam Sander, Harold Kopitsky, Barry M. Kash, Edward McCoy, Eagle Transfer, Inc., B–A Systems, Inc., Gravois Merchandisers, Inc., and ITT Diversified Credit Corporation, Defendants.

Bankruptcy No. 80–00968–3.
Adv. No. 81–0195–3.

United States Bankruptcy Court,
W. D. Missouri, W. D.

May 19, 1981.

Michael Roser, Kansas City, Mo., for plaintiff.

G. Spencer Miller, Kansas City, Mo., for Fishman, Sander and Eagle Transfer.

Daniel J. Flanigan, Kansas City, Mo., for Gravois.

ORDER ABSTAINING FROM ACTION UNDER SECTION 1471(d), TITLE 28, UNITED STATES CODE, AND TRANSFERRING ACTION TO THE CIVIL DOCKET OF THE DISTRICT COURT UNDER RULE 915(b) OF THE RULES OF BANKRUPTCY PROCEDURE

DENNIS J. STEWART, Bankruptcy Judge.

This is an action brought by the trustee in bankruptcy to recover certain assets of the estate in bankruptcy which, it is alleged, were transferred prior to the date of the order for relief in bankruptcy. In his "jurisdictional statement" in his complaint, the trustee states that "(t)he Court may exercise jurisdiction herein in accordance with 28 U.S.C. section 1471 and 28 U.S.C. section 1481."

The defendants ITT Diversified Credit Corporation and Gravois Merchandisers, Inc., have moved to dismiss the complaint on the grounds that the bankruptcy court "lacks subject matter jurisdiction because 28 U.S.C. section 1471 and 28 U.S.C. section 1481 purport to confer upon (it) jurisdiction and powers which cannot constitutionally be exercised by judges who are not vested with life tenure and undimin-

ishable salaries under article III, section 1, of the Constitution of the United States ..."

The contention thus made appears to be supported by a recent decision of the United States District Court for the District of Minnesota in *Marathon Pipeline Co. v. Northern Pipeline Constr. Co.*, 12 B.R. 946 (D.Minn.), to the effect that:

"(t)he delegation of authority in 28 U.S.C. section 1471 to the bankruptcy judges to try cases which are otherwise relegated under the Constitution to Article III judges is an unconstitutional delegation of authority."

This court is aware that the decision of the United States District Court for the District of Minnesota may be appealed and that the issue of the constitutionality of the jurisdictional statute is likely to be redetermined in higher federal courts. It seems unnecessary and of possible detriment to the creditors of the estate in bankruptcy, as well as the parties to this action, for this court to continue to process this action to a judgment which might conceivably be nullified by a determination of the retroactive unconstitutionality of section 1471(c), Title 28, United States Code, granting the bankruptcy court plenary jurisdiction of this type of case.

It also seems to be an undue detriment to the creditors of the estate in bankruptcy for this court to determine that the above subsection is unconstitutional and thus force the plaintiff to appeal the matter to higher courts and thereby sustain considerable expenses for the estate in bankruptcy.

Therefore, in accordance with the alternative request of the defendant Gravois Merchandisers, Inc., "that this Court should exercise its right to abstain from participation in this proceeding, as provided in (section) 1471(d) ... of the Bankruptcy Code," this court has determined that it should abstain from this action. Section 1471(d), Title 28, United States Code, pertinently provides for bankruptcy court abstention "in the interest of justice" and that "(s)uch abstention ... is not reviewable by appeal or otherwise."

Further, by means of transferring this action to the civil docket of the district court pursuant to Rule 915(b) of the Rules of Bankruptcy Procedure, this court can ensure that the action will be processed toward judgment by a court manned by an Article III judge and with the undoubted subject matter jurisdiction conferred by section 1471(a), Title 28, United States Code, and which is not the subject of the challenge to constitutionality in this case or in the *Marathon* case, *supra.*

In order to facilitate the continued expedition of this important action toward judgment, it is therefore

ORDERED that this court, in the interest of justice, abstain from jurisdiction in this action. It is further, accordingly

ORDERED that this action be transferred to the civil docket of the district court pursuant to Rule 915(b) of the Rules of Bankruptcy Procedure.